Michael G. Helms – 014470
**HELMS LAW GROUP, PLC**
1302 W. Camelback Rd.
Phoenix, Arizona 85013
Telephone:  (480) 386-0240
Fax:  (480) 386-0243
Attorneys for Ruben Diaz

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>RUBEN DIAZ,<br><br>　　　　　　Debtor.<br><br><br>ARIEL GUERRERO LOPEZ and ALMA LOPEZ,,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>Ruben Diaz,<br><br>　　　　　　Defendant. | CHAPTER 7 PROCEEDINGS<br><br>Case No. 2:16-bk-08654-MCW<br><br><br>Adversary Case No. 2:17-ap-00002<br><br>**MOTION TO DISMISS ADVERSARY COMPLAINT** |

Ruben Diaz, Defendant herein, moves this Court for an Order dismissing this Adversary Complaint for the following reasons, and each of them:

　　　　1.　　　　Plaintiffs' claim alleging violation of the Arizona Consumer Fraud Act is barred by applicable statutes of limitation;

　　　　2.　　　　Plaintiff's complaint fails to state any claim upon which relief may be granted.

　　　　This Motion is supported by the Complaint filed herein and the following Memorandum of Points and Authorities:

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's Complaint purports to state claims to determine non-dischargeability of a debt arising from allegations of false representations, defalcation, common law fraud and violations of the Arizona Consumer Fraud Act.  As concerns any claims alleged to have arisen as a result of violations of the Arizona Consumer Fraud Act, such claims are barred by the applicable statute of limitations.  As to any claim arising from an alleged verbal agreement or from alleged "defalcation," the complaint fails to state a claim upon which relief may be granted.

*Statute of limitation.*

Plaintiffs generally allege that their property was facing foreclosure in November of 2013 (Complaint, ¶ 26); that Rancho Grande, LLC, of which Defendant Diaz was a member (Complaint, ¶ 4), represented it would provide financing to prevent the foreclosure (Complaint, ¶¶ 27, 28); but that the property was foreclosed by a third party in February, 2014 (Complaint, ¶ 34).  Plaintiffs allege that the representations made on behalf of Rancho Grande were false and fraudulent (Complaint, ¶¶ 43 – 48).

Among the claims asserted by Plaintiffs is a claim relying upon the Arizona Consumer Fraud Act (Complaint, Introduction).  Plaintiffs assert that Defendant, on behalf of Rancho Grande, made certain representations to them in November, 2013 (Complaint, ¶¶ 27 – 31).  Plaintiffs first filed a complaint concerning this claim in Superior Court of Maricopa County in November, 2016, more than three years after such alleged representations are claimed to have been made, and some thirty-three (33) months after the subject property was foreclosed by a third party.  Claims based upon alleged violations of the Arizona Consumer Fraud Act are subject to Arizona's one-year statute of limitation. See, A.R.S. 12-541 (liability created by statute); *Murry v. W. Am. Mortg. Co.*, 124 Ariz. 387, 604 P.2d 651 (Ct. App. 1979)**;** *Murdock v.*

*Balle,* 144 Ariz. 136, 696 P.2d 290 (Ariz. App. 1985); *Steinberger v. McVey,* 234 Ariz. 135, 318 P.3d 419 (Ariz. App. 2014).

Accrual of a claim occurs when the plaintiff discovered, or in the exercise of reasonable care and diligence could have discovered, the fraud. See*, Alaface v. Nat'l Inv. Co.*, 181 Ariz. 586, 591, 892 P.2d 1375, 1380 (Ct. App. 1994); *Richards v. Powercraft Homes, Inc.*, 139 Ariz. 264, 265-66, 678 P.2d 449, 450-51 (Ct. App. 1983). In this case, Plaintiffs allege facts showing that they discovered the alleged fraud not later than February 7, 2014, when their property was foreclosed by a third party (Complaint, ¶ 34). Plaintiffs did not make any claim concerning this matter until the filing of their Superior Court complaint in November, 2016[1]. Any claim herein based upon alleged violation of the Arizona Consumer Fraud Act is barred by the one-year statute of limitations.

*Failure to state claim upon which relief may be granted.*

Plaintiffs' Complaint alleges that Defendant made a verbal agreement to obtain or provide financing to Plaintiffs to enable them to prevent a foreclosure of their property (Complaint, ¶¶ 28, 43). Plaintiffs further allege that Defendant's failure to prevent the foreclosure of Plaintiffs' property caused financial damage to Plaintiffs (Complaint, ¶¶ 55, 58, 59). Arizona's Stature of Frauds prohibits any action from being brought in any court based upon a promise or agreement to loan money or to grant or extend credit unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged. See, *A.R.S. 44-101*. Plaintiffs have not alleged the existence of any document in writing signed by Defendant to support their claims that Defendant made any agreement to obtain or provide financing to Plaintiffs. Plaintiffs' Complaint fails to state any

claim upon which relief may be granted by this Court.

To the extent Plaintiffs assert a claim arising from alleged "defalcation" by Defendant, the Complaint also fails to state a claim upon which relief may be granted. 11 U.S.C. 523(4) excepts from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity...." Plaintiffs' Complaint in this case asserts that Plaintiffs' claims arise out of ordinary business conducted between Plaintiffs and Defendant (Complaint, ¶ 4), and that Defendant does not hold any professional licenses in Arizona (Complaint, ¶ 5). The Complaint does not allege that Defendant was ever a "fiduciary" with regard to any matter that is the subject of the Complaint, not does the Complaint assert the existence of any special relationship between Plaintiffs and Defendant that would provide a basis for finding a fiduciary relationship. Plaintiffs' Complaint fails to state any claim upon which relief may be granted herein.

Dated this 18th day of January, 2017.

HELMS LAW GROUP, PLC

By:___/s/ Michael G. Helms_____
Michael G. Helms
1302 W. Camelback Rd.
Phoenix, Arizona 85013
Telephone: (480) 386-0240
Attorney for Defendant Ruben Diaz

---

[1] The Superior Court complaint was filed subsequent to the commencement of this bankruptcy case.

**CERTIFICATE OF SERVICE**

I certify that on January 18, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Zachary Dorn
COMMUNITY LEGAL SERVICES
305 South 2nd Avenue
Phoenix, Arizona 85003-2402
zdorn@clsaz.org


_____/s/ Michael G. Helms_____